UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CRUZ CABRERRA,<br>Petitioner,<br>v.<br>WARDEN OF CALIFORNIA CITY ICE DETENTION FACILITY, *et al.*<br>Respondents. | Case No. 1:26-cv-09135 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 4 |

Petitioner Hector Cruz Cabrerra is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for a temporary restraining order. He contends that his detention without a custody redetermination hearing—which has surpassed one month—violates his Fifth Amendment Right to due process. Dkt. No. 1 at 26–27. For the reasons that follow, the petition is GRANTED in part, and Respondents are ordered to provide Petitioner with a bond hearing. The motion is resolved as moot.

Petitioner is a citizen of Mexico and alleges that he first entered the United States in 2001 without inspection by immigration authorities. *Id.* at 3, 9; Dkt. No. 11 at 4. His recent arrest by ICE appears to have been his first interaction with immigration authorities since entering the United States twenty-five years ago. *See* Dkt. No. 11 at 4; Dkt. No. 1 at 13. In September 2026, ICE "encountered" Petitioner during a "targeted enforcement operation in" New Jersey. Dkt. No. 11 at 4. After inquiring into his immigration status, ICE issued an administrative warrant for Petitioner's arrest and took him into custody. *Id.* at 12. That same day, Petitioner was served a "Notice of Custody Determination" stating that he was to be detained under 8 U.S.C. § 1226(a).

*Id*. at 14. The Notice also included a section for Petitioner to complete, through which he could request a custody redetermination hearing from an immigration judge. *Id*. Petitioner completed the section and requested a hearing. *Id*.

Petitioner's hearing was scheduled to take place in the Elizabeth, New Jersey Immigration Court approximately two weeks after his arrest. *Id*. at 16. However, the hearing was canceled, as Petitioner was transferred to a different detention facility before it could take place. A new hearing has not been re-scheduled.

As both parties agree that Petitioner is detained under § 1226(a) and entitled to a custody redetermination hearing pursuant to that statute, the appropriate relief is a prompt hearing, rather than release. Though this Court and others have ordered release where the Government failed or refused to provide noncitizens with the process they are entitled to under § 1226(a), that does not appear to be the case here. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *3 (E.D. Cal. Aug. 10, 2026). Following arrest upon an administrative warrant under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). Here, Petitioner was arrested on a warrant, was provided a notice informing him of the basis for his custody, and was given an opportunity to request a custody redetermination hearing.

Further, there is no evidence in the record suggesting that Petitioner was entitled to any pre-deprivation process aside from § 1226(a) procedures. Though this Court and others have found that non-citizens previously released by immigration officials on parole are entitled to further process prior to revocation of their parole, Petitioner appears not to have been previously been granted parole status by ICE. Additionally, there is no evidence in this record that Petitioner has sought immigration relief since entering the United States, so it cannot be said that "the government's decision not to detain Petitioner" created a liberty interest entitling him to a pre-deprivation hearing before his arrest. *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL

531441, at *2 (N.D. Cal. Feb. 25, 2026). Under these circumstances, a prompt hearing, rather than release, is the appropriate remedy.

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order, Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 20, 2026

VINCE CHHABRIA
United States District Judge